IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIA DOUGLAS,

      Plaintiff,

    v.

KYLE CRISCO and
CVS PHARMACY, INC.,

      Defendants.

1:24CV101

## ORDER AND MEMORANDUM OPINION
## OF UNITED STATES MAGISTRATE JUDGE[1]

Maria Douglas has sued a pharmacist and pharmacy alleging, in relevant part, that the pharmacist "contacted a pain management medical care provider . . . and . . . falsely claimed he had been assaulted by plaintiff's 'husband', causing the pain management facility to end its medical relationship with plaintiff." Docket Entry 7 ¶ 16. Douglas therefore brought claims of tortious interference with contract and negligent supervision and retention against the defendants. *Id.* ¶¶ 31–38, 49–53. The Court eventually granted summary judgment for the defendants on all counts. *See* Docket Entry 46.

The case is now before the Court on Douglas's motion for reconsideration,

Docket Entry 48. As set forth below, the Court denies Douglas's motion.

I.     DISCUSSION

Rule 59(e) permits a court to amend a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). The movant bears the burden of showing that reconsideration is appropriate. *See Almy v. Sebelius*, 749 F. Supp. 2d 315, 340 (D. Md. 2010), *on reconsideration* (Oct. 29, 2010), *aff'd*, 679 F.3d 297 (4th Cir. 2012).

Reconsideration "is an extraordinary remedy that should be applied

---

[1] Based on the consent of the parties, the Court ordered that all proceedings in this case be conducted by a magistrate judge. Docket Entries 26, 50.

sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Thus, a "prior decision does not qualify for [clear error] by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation modified); *accord. Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022).

Here, Douglas requests reconsideration of her tortious inference with contract claim and her negligent supervision and retention claim. Docket Entry 48-1 at 4–9. However, Douglas makes no argument regarding intervening changes in law or new evidence for either claim.[2] The Court therefore interprets Douglas as claiming clear error or manifest injustice regarding both claims.

   A. The Court Made No Clear Error Regarding Douglas's Tortious Interference with Contract Claim Because Douglas Did Not Sufficiently Evidence a Contract.

Tortious inference of contract requires a showing of five elements:

(1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff.

*White v. Cross Sales & Eng'g Co.*, 629 S.E.2d 898, 901 (N.C. App. 2006) (citing *United Labs., Inc. v. Kuykendall*, 370 S.E.2d 375, 387 (N.C. 1988)).

The Court's previous order found that Douglas had not created a genuine issued of material fact for any of these elements. Docket Entry 46 at 16–19. Rather than walk through the Court's reasoning again in its entirety, it is sufficient to show here that no clear error existed as to the first element: the existence of the contract.

The only evidence that Douglas produced of a valid contract was when, during her deposition, she testified that she had signed such a contract. *See* Docket Entry 37-2 at 71. However, Douglas also testified that she had not given this contract to her lawyer or produced it during

---

[2] Douglas "supplements the record" with CVS Yelp reviews. *See* Docket Entry 48-1 at 3. However, she clarifies that she provides this evidence only as "clarifying and corroborative evidence"; the Yelp reviews "are not offered as 'newly

discovered evidence' within the meaning of Rule 59(e)" because they "were publicly accessible prior to the Court's ruling." *Id.*

discovery. *Id.* at 71–72. It was not clearly erroneous for the Court to rule that no reasonable jury could find for Douglas based on this evidence alone. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (requiring that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" for a genuine issue of material fact to exist).

Moreover, even if the Court had clearly erred on this issue, reconsideration would not be appropriate because the error would be harmless. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *e.g., Klug Bros., Inc. v. A. Folino Constr., Inc.*, No. 24-1034, 2025 WL 3654604, at *2 (4th Cir. Dec. 17, 2025) (unpublished) (disregarding a potential error as harmless under Rule 61).

The error would be harmless because Douglas waived the issue of whether a contract existed in her response to the defendants' motion for summary judgment. "A party waives an argument . . . by failing to develop its argument—even if its brief takes a passing shot at the issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (brackets omitted); *see also Mackall v. United States Dep't of Def.*, No. CV RDB-17-0774, 2017 WL 5564665, at *1 (D. Md. Nov. 20, 2017), *aff'd*, 721 F. App'x 303 (4th Cir. 2018) ("By failing to address or oppose an argument, a plaintiff abandons his or her opposition to a defendant's assertion.")

Here, Douglas did not even take a passing shot at the issue. Douglas's response brief never addressed the defendants' argument that Douglas produced insufficient evidence to prove the existence of a contract. *Compare* Docket Entry 37 at 19 (briefing in support of the defendant's motion for summary judgment) *with* Docket Entry 39 at 15 (Douglas's response). In fact, Douglas implicitly acknowledged this when—in an unauthorized surreply—she cited only her complaint to show that she had not waived the issue of whether a contract existed. *See* Docket Entry 42 at 2.

Accordingly, the Court will not reconsider summary judgment on Douglas's tortious interference with contract claim.

    B. Absent Clear Error on Tortious Interference, the Court Cannot Reconsider Douglas's Negligent Supervision and Retention Claim.

"An essential element of a claim for negligent retention of an employee is that the employee committed a tortious act resulting in plaintiffs' injuries." *Waddle v. Sparks*, 414 S.E.2d 22, 29 (N.C. 1992); accord. *Marshall v. C & S Rail Servs., LLC*, No. 1:19CV986, 2021 WL 1341801, at *10 (M.D.N.C. Apr. 9, 2021).

After the Court's denial of reconsideration on tortious interference, none of Douglas's tort claims remain viable. Thus, the Court cannot grant reconsideration of

3

Douglas's negligent supervision and retention claim.

## II. CONCLUSION

**IT IS ORDERED** that Douglas's motion for reconsideration, Docket Entry 48, is **DENIED**.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

April 27, 2026
Durham, NC

Case 1:24-cv-00101-JGM    Document 51    Filed 04/27/26    Page 4 of 4